FILED
Dec 11, 2024
11:19 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **BRIAN TREADWAY,** | ) | **Docket No. 2023-02-5980** |
| **Employee,** | ) | |
| **v.** | ) | |
| **KENNETH CARR,** | ) | **State File No. 2384-2020** |
| **Employer,** | ) | |
| **and** | ) | |
| **NORGUARD INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Carr Brothers filed a motion for summary judgment, which the Court heard on December 10, 2024. The issue is whether Mr. Treadway actually worked at Carr Brothers on the date he alleged he sustained his work injury. Carr Brothers argues that he did not. For the reasons below, the Court holds Carr Brothers is entitled to summary judgment.

### Claim History

Carr Brothers filed statements of undisputed material facts with citations to the record in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure. It supported its facts with admissions by Mr. Treadway and a Judicial Notice of Adjudicative Facts filed under Tennessee Rules of Evidence 201(b).

The statement of undisputed material facts included the following:

- Mr. Treadway injured his ankle on Saturday, January 19, 2019.
- January 19, 2019, was a Saturday.
- Mr. Treadway did not work on Saturday, January 19, 2019.

Carr Brothers argues that Mr. Treadway cannot prove he sustained an injury that arose primarily out of and in the course and scope of his employment because he admitted

that his injury occurred on a day he was not working. Mr. Treadway did not respond to the motion or appear at the motion hearing.

## Law and Analysis

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2024).

Carr Brothers must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the other's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of the claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Here, Carr Brothers submitted affirmative evidence that Mr. Treadway's injury did not happen on a day that he worked. This shifted the burden to Mr. Treadway to produce facts that showed a genuine issue as to whether Carr Brothers is entitled to summary judgment. He did not respond to the motion with any proof that the Court could consider, so he did not meet his burden of establishing a genuine issue of material fact that would make summary judgment inappropriate.

Tennessee Code Annotated section 50-6-102(14)(A) (2019), now codified as section 50-6-102(12)(A), defines an injury for which an employee is entitled to benefits as one "caused by a specific incident, or set of incidents, *arising primarily out of and in the course and scope of employment*[.]" (Emphasis added). The factual record on summary judgment here shows, without genuine dispute, that Mr. Treadway's injury occurred on a date on which he did not work for Carr Brothers. For that reason, the Court holds Carr Brothers is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE ORDERED** as follows:

1. Carr Brothers's motion for summary judgment is granted, and Mr. Treadway's Petition for Benefit Determination is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Carr Brothers under Tennessee Compilation Rules and Regulations 0800-02021-.06 (2023), payable to the clerk within five days of this order becoming final.

**ENTERED December 11, 2024.**

Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on December 11, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Brian Treadway, Employee | X | | | 4151 Old Jonesborough Rd. Lot 5 Jonesborough, TN 37659 |
| Allen Callison, Employer's Attorney | | | X | allen.callison@mgclaw.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

3



<u>Right to Appeal</u>:

  If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

  &#10148; If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

  &#10148; If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

  **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*